IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE:                                   ) | |
| Ashley Grant-Hewitt                  ) | |
| **Debtor(s)**                      ) | Case No.: 23-13770 (AMC) |
| _____ ) | |
|                                             ) | Chapter 7 |
| Consumer Portfolio Services, Inc.  ) | |
| **Plaintiff**                       ) | Adv. No.: |
|                                             ) | |
| v.                                      ) | |
|                                             ) | |
| Ashley Grant-Hewitt                  ) | |
| **Defendant(s)**                   ) | |
|                                             ) | |
| _____ ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
UNDER 11 U.S.C. §523 AND OBJECTING TO DISCHARGE UNDER 11 U.S.C. 727(a)(2)
AND/OR REQUESTING DISMISSAL OF CASE UNDER 11 U.S.C. 707(a)(1)**

    **AND NOW** comes Consumer Portfolio Services, Inc. (hereinafter referred to as "Plaintiff" or "Consumer Portfolio") by and through its attorney, William E. Craig, Esq. and complains of Ashley Grant-Hewitt (hereinafter referred to as the "Debtor" and/or "Defendant") and presents the following:

**PARTIES AND JURISDICTION**

1.    This is an adversary proceeding in which Plaintiff is objecting to the discharge of Debtor/Defendant.

2.    This Court has exclusive jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523.

3.    Venue of this proceeding is in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. 1409(a).

4.    This is a core matter pursuant to 28 U.S.C. 157(b)(2)(B) of the United States Code. If the Court should find that this is not a core matter, then Plaintiff consents to the entry of judgment by the United States Bankruptcy Judge.

5.    The Defendant is the Debtor in the above-entitled Chapter 7 Bankruptcy Proceeding, and Plaintiff, above-named, is a creditor of the Defendant.

## FACTUAL BACKGROUND

6.   Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 5, above.

7.   On or about December 13, 2023, the Defendant filed a Petition under Chapter 7 of the United States Bankruptcy Code for liquidation of her debts.

8.   On or about May 22, 2021, the Defendant entered into a retail installment sales contract for the purchase of a 2014 Buick Enclave bearing vehicle identification number 5GAKVBKD6EJ369177 (hereinafter the "vehicle").

9.   Under the terms of the contract, the Defendant agreed to pay Plaintiff the gross sum of $39,443.76 in 72 monthly payments of $547.83 per month commencing June 21, 2021.  In executing the contract the Defendant further agreed in the event any payment was not made when due, or if any agreement was not kept in accordance with the terms of the contract, Plaintiff could accelerate all remaining payments on the loan, less a refund of part of the finance charge, and Plaintiff could repossess the vehicle.

10.  The Defendant has failed to make payments to Plaintiff and as a result the Defendant's account with Plaintiff as arrears in the amount of $5,550.50 through May 2024.

11.  The total balance due from Defendant to Plaintiff at the time of filing for the above-referenced debt was $20,318.02.

12.  The Defendant does not list the debt as being disputed on her Bankruptcy Schedules.

13.  An Order granting Plaintiff relief from the automatic stay was granted on January 31, 2024

14.  Despite numerous attempts to locate the vehicle, Plaintiff has been unable to locate it, for purposes of repossessing it pursuant to the Plaintiff's state court rights.

## COUNT I- DISCHARGEABLITY UNDER §523(a)(6)

15.  Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, above.

16.  Under section 523(a)(6) of the Bankruptcy Code, a Chapter 7 discharge does not discharge a debtor for a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity."

17.   The Defendant is willfully failing to disclose the location of the vehicle and is failing to cooperate with Plaintiff in Plaintiff's efforts to take possession of the vehicle.

18.   The Defendant's actions are injuring Plaintiff by virtue of the fact that the vehicle is depreciating and Plaintiff's lien is eroding while the Defendant is willfully preventing Plaintiff from realizing on its collateral.

19.   Due to the Defendant's willful and malicious conduct causing injury to the Plaintiff, the Defendant's debt with Plaintiff in the amount of $20,318.02 plus costs, interest, and attorneys' fees should be determined to be non-dischargaeble under 11 U.S.C. 523(a)(6).

WHEREFORE, the Plaintiff requests that this Court deny the discharge under §523(a)(6) of the Bankruptcy Code for all debts which the Defendant owes the Plaintiff.

## COUNT II- DISCHARGE UNDER §727(a)(2)

1.   Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, above.

2.   Under section 727(a)(2) of the Bankruptcy Code, a debtor may be denied a Chapter 7 discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed" property of the debtor or property of the estate.

3.   The Defendant is concealing the vehicle and/or the location of the vehicle and is failing to cooperate with Plaintiff in Plaintiff's efforts to take possession of the vehicle.

WHEREFORE, the Plaintiff requests that this Court deny the discharge of the Defendant under §727(a)(3) of the Bankruptcy Code.

## COUNT III- DISMISSAL UNDER §707(a)(1)

4.   Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, above.

5.  Under section 707(a)(1) of the Bankruptcy Code, the Court may dismiss a case filed under Chapter 7 for cause, including "unreasonable delay that is prejudicial to creditors".

6.  The Defendant is concealing the vehicle and/or the location of the vehicle and is failing to cooperate with Plaintiff in Plaintiff's efforts to take possession of the vehicle, resulting in a delay that is prejudicial to Plaintiff.

WHEREFORE, the Plaintiff requests that this Court dismiss the Defendant's Chapter 7 case under §707(a)(1) of the Bankruptcy Code.

Plaintiff Consumer Portfolio Services, Inc. consents to the entry of final orders or judgment by the Bankruptcy Court.

/s/ William E. Craig
**By: William E. Craig**
Eisenberg Gold & Agrawal, P.C.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney I.D. 92329, Pennsylvania
Attorney for Creditor/Plaintiff

Date: 6/6/24